IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UCHE PHILIP MORDI,

      Petitioner,

    vs.                            Case No. 14-cv-759-SMY

UNITED STATES OF AMERICA,

      Respondent.

**ORDER**

This matter comes before the Court on the Government's Second Motion for Extension of Time to File a Response (Doc. 10) to Petitioner's Amended Motion (Doc. 5) under 28 U.S.C. § 2255. Petitioner filed an Objection (Doc. 11). For the reasons that follow, the Court grants in part and denies in part Respondent's Motion.

In his Complaint, Petitioner alleges Assistant Federal Public Defender Judith Kuenneke advised him to enter into a plea agreement based on incriminating statements he had made to Agent Healey. Petitioner made these incriminating statements after Agent Healey had searched Petitioner's smartphone without consent and without a warrant and repeatedly suggested that Petitioner was a drug dealer rather than a mule. Petitioner alleges that because the incriminating statements were made in response to an illegal search of Petitioner's smartphone, the statements were inadmissible and that Ms. Kuenneke was wrong to advise him to enter into a plea agreement based on the incriminating statements. Petitioner further states, "if Counsel had realized the inadmissibility of the incriminating statements, the results of the proceedings would have been different as Petitioner would have been prevented from entering a plea of guilty based on inadmissible statements." Petitioner also alleges an undisclosed police report dated March

12, 2009 that contradicted the March 13, 2009 police report on file, and asserts that his plea was unknowing and unwilling.  The Petition also includes claims of ineffective assistance of counsel, police misconduct, prosecutorial misconduct and misrepresentation.

In its Motion for an Extension of Time, the Government prays that the Court "enter an order directing Petitioner's former counsel Assistant Federal Public Defender Judith Kuenneke to prepare and file an affidavit responding to Petitioner's allegations of ineffective assistance of counsel."  The Government believes the affidavit will assist it in responding to the Petition and requests an additional thirty (30) days after Ms. Kuenneke files her affidavit to respond to the Petition.  Petitioner objects that the Government has actually filed a waiver of response rather than a simple Motion for Extension of Time, in which the Government has requested a discovery order (a motion to compel Ms. Kuenneke to file an affidavit).  Petitioner contends this discovery request is premature, and prays the Court deny Respondent's Motion because a determination of facts is best made in a process that allows for cross-examination and privacy.

Courts regularly consider the attorney-client privilege waived when a Petitioner raises an ineffective assistance of counsel claim to justify a §2255 petition.  *United States v. Pinson*, 584 F.3d 972, 977-79 (10th Cir. 2009) (citing five sister circuits in stating, "Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.").  However, the scope of the waiver should be limited, and an order compelling an affidavit in these circumstances "should ideally be carefully tailored to protect prisoners' Sixth Amendment rights." *Id* at 979.

Upon reviewing Petitioner's Amended Motion and considering the Petitioner's claim of ineffective assistance of counsel, the Court finds that Petitioner's sole bases for raising the claim are to reinforce his assertion that his guilty plea followed advice based on (1) a March 12, 2009 police report that was not disclosed to Ms. Kuenneke, and (2) law that was later found to be unconstitutional.  Petitioner alleges that (1) if Ms. Kuenneke had known about the March 12 police report that contradicted the March 13 report on file and (2) if Ms. Kuenneke had known the cell phone search was unconstitutional (and therefore statements made as a result of the search were inadmissible), she would not have advised him to plead guilty and he would not have so pled.

As such, any implied waiver of attorney-client privilege is limited in scope to communication related to the allegedly undisclosed March 12, 2009 police report and the unconstitutional search of Petitioner's cell phone.  The Court does hereby acknowledge a limited waiver of attorney-client privilege as discussed above.  However, the Court will not order Ms. Kuenneke to file an affidavit as Respondent requests.  Ms. Kuenneke may, in the future, be compelled to testify on the matter at an evidentiary hearing by subpoena, but whether to file an affidavit for the purpose of assisting the Respondent will be her decision.  Therefore Ms. Kuenneke is authorized to file an affidavit if she so chooses.

The Court therefore **DENIES** the Government's Motion to the extent that it requests an order compelling an affidavit from Ms. Kuenneke, but **GRANTS** the Motion to the extent that the Court will allow thirty (30) days from the date of this order as a final extension of time for the Government to file its Response to Petitioner's 28 U.S.C. § 2255 motion.  The Court additionally acknowledges a limited waiver of attorney-client privilege and authorizes Ms.

3

Kuenneke to file an affidavit addressing incriminating statements following the unconsented

search of Petitioner's cell phone and the undisclosed March 12, 2009 police report.

**IT IS SO ORDERED.**

**DATED:   November 4, 2014**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**DISTRICT JUDGE**

4