IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UCHE PHILLIP MORDI,

  Petitioner,

vs.

UNITED STATES OF AMERICA,

  Respondent.

Case No. 14-cv-00759-SMY

**MEMORANDUM AND ORDER**

  This matter comes before the Court on Petitioner Uche Phillip Mordi's 28 USC § 2255 Petition seeking withdrawal of his guilty plea (Doc. 5). For the following reasons, the Petition is **DENIED**.

**Background**

  On October 20, 2009, Petitioner Uche Phillip Mordi pleaded guilty to a violation of 21 U.S.C. § 841(a)(1) and was sentenced to 120 months in prison. *United States v. Uche P. Mordi*, Case No. 09-cr-40026, Doc. 26. Judith Kuenneke of the Federal Public Defender's office represented Mordi throughout the proceedings. *Id*.

  Mordi initially filed a Petition to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C § 2255 on Oct 21, 2010 (No. 10-cv-828-GPM, Doc. 1). The Court subsequently granted his motion to withdraw his Petition without prejudice and noted that a future § 2255 petition would likely be time barred (No. 10-cv-828-GPM, Doc. 12).

Mordi filed the instant § 2255 Petition on July 2, 2014, attacking his conviction and seeking to withdraw his plea. The Government responded (Doc. 13) and Mordi replied (Doc. 16). Mordi filed a Motion to Supplement on September 11, 2015 (Doc. 18).[1]

Mordi's Petition raises five grounds: (1) police misconduct and misrepresentation; (2) prosecutorial misconduct for breach of plea agreement, violation of right to effective counsel, and compelled self-incrimination; (3) that his plea and conviction were based on inadmissible evidence; (4) ineffective assistance of counsel; and (5) that his plea agreement was (a) unknowing and (b) involuntary. Specifically, in support of ground (1), Mordi alleges that Illinois State Police Trooper Todd Zeigler falsified and concealed a police report in order to justify a prolonged traffic stop of Mordi's vehicle. As to ground (2), Mordi asserts that the government failed to abide by the rules of discovery by not producing the concealed police report, thereby breaching the plea agreement and compelling him to incriminate himself. For ground (3), Mordi claims that the interrogating officers searched his cellphone without his consent, thereby compelling him to incriminate himself because he assumed that the officers had seen photos of him with large amounts of cash. As to ground (4), Mordi alleges that his attorney advised him that, "absent a finding that the search of his vehicle was unlawful, there were no grounds on which his [incriminating] statements would be inadmissible." (Doc. 5, p. 3). Finally, in support of ground (5), Mordi contends that the concealed police report and his attorney's statement that his incriminating statements were admissible, rendered his plea and plea agreement "unknowing and involuntary."

---

[1] Petitioner's Reply at Doc. 16 renders the Motion for Clarification MOOT. Similarly, this Order renders the Motion to Supplement MOOT.

2

## Timeliness of the Petition

Initially, Mordi relies on § 2255(f)(4) to toll the statute of limitations for grounds 1, 2 and 5(a). Under § 2255(f)(4) the one year statute of limitations begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Facts supporting Mordi's claim could have been discovered on February 22, 2013, when he received the partial draft of Trooper Zeigler's March 12, 2009 report from Effingham County Jail. He therefore had until February 22, 2014 to timely file his Petition. However, the Petition was filed on July 2, 2014.

Mordi argues that the statute of limitations should be tolled because the March 12, 2009 report was similar to Zeigler's March 13, 2009 report and, as a result, he was misled and prevented from discovering the true facts until April 2014. Although the reports were facially similar, at a minimum, due diligence required that Mordi read the March 12, 2009 report when he received it. If he did, he should have discovered the relevant facts at that time. If he didn't, due diligence was lacking.

In his Reply, Mordi also asserts tolling arguments under § 2255(f)(2), which provides that the limitations period begins to run, "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action[.]" Mordi argues that Trooper Zeigler's failure to disclose the partial report to him, ISP or Counsel created an impediment to his ability to file a timely Petition. Even if Trooper Zeigler's failure to disclose the report initially impeded Mordi from filing his Petition, the impediment was removed

3

when the report was disclosed to Mordi on February 22, 2013. Thus, the statute of limitations was not tolled and grounds 1, 2 and 5(a) are time barred.

Mordi further argues that the Government should be estopped from raising the statute of limitations defense because Trooper Zeilger's deliberate conduct caused him to miss the statutory deadline. Specifically, Mordi alleges that Trooper Zeigler consciously decided to not "make his superiors aware that he had prepared an ISP document that the ISP did not have a record of." (Doc. 16, p. 10).

Equitable estoppel is applicable when a party takes active steps to prevent the other party from suing in time. *Angiulo v. United States*, 867 F. Supp. 2d 990, 999 (N.D. Ill. 2012). It may be invoked to prevent a party from obtaining a benefit from inequitable conduct. *Id*. However, equitable estoppel against the government is generally "disfavored and rarely successful." *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). "When equitable estoppel is invoked against the government, the misconduct required is more than mere negligence and must be an affirmative act to misrepresent or mislead a [party] about his rights or remedies." *Angiulo*, 867 F. Supp. 2d at 999 (internal quotations omitted).

Here, Mordi's allegations do not trigger equitable estoppel the government. There is no evidence beyond Mordi's conclusory allegations that there was any affirmative act to misrepresent or mislead Mordi as to his rights or remedies. Mordi contends that Trooper Zeigler concealed a draft report that contained information contradicting the final report. Even if the Court were to accept those allegations as true, the government did not prevent Mordi from suing in time. As stated previously, Mordi had an opportunity to file his Petition within the statute of limitations but failed to do so.

The remaining grounds – 3, 4 and 5(b), can only be considered timely if § 2255(f)(3) is applicable. Grounds 3, 4 and 5(b) allege an illegal search of Petitioner's cell phone in violation of the Supreme Court's rulings in *Riley v. California*, 134 S. Ct. 2473 (2014). § 2255(f)(3) allows a claim to be brought within one-year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review." In *Riley*, the Supreme Court held that in general, law enforcement may not conduct a warrantless search of a cell phone seized from an arrestee. However, *Riley* is not retroactively applicable to cases on collateral review. See *Coppedge v. United States*, No. 4:09-CR-00064-F-1, 2016 WL 2901740, at *4 (E.D.N.C. May 18, 2016), *appeal dismissed*, No. 16-6768, 2017 WL 656751 (4th Cir. Feb. 17, 2017). Therefore, Mordi cannot rely on that Opinion to defeat the statute of limitations.

As there is no basis to toll the statute of limitations in this case, Mordi's Petition is subject to a one-year statute of limitations that begins to run "on the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mordi's judgment of conviction became final when his time for filing an appeal expired… 14 days after entry of the judgment. See, *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013), Fed. R. App. P. 4 (2009). Judgment was entered on October 20, 2009, and Mordi did not appeal. Thus, the judgment became final on November 3, 2009 and the statute of limitations under § 2255(f)(1) expired on November 3, 2010. Mordi's Petition was filed on July 2, 2014, long after the limitations period expired. Accordingly, the Petition is denied as untimely.

**IT IS SO ORDERED.**

**DATED: June 19, 2017**

                                                        **s/ Staci M. Yandle**
                                                        **STACI M. YANDLE**
                                                        **United States District Judge**